# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TAWAYNE LOVE, | : | PRISONER HABEAS CORPUS |
| Inmate # 40120037, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-2134-JEC-SSC |
| | : | |
| | : | |
| KAREN F. HOGSTEN, | : | |
| Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On August 5, 2009, Petitioner Tawayne Love filed this petition under 28 U.S.C. § 2241, naming as Respondent Karen F. Hogsten, the warden of the Federal Correctional Institute at Manchester, Kentucky, where it appears Petitioner was confined at one point. At the time he filed his petition, Petitioner was apparently incarcerated in the United States Penitentiary in Atlanta, Georgia. (See Doc. 1, Civil Cover Sheet; Doc. 2). He was subsequently transferred to the United States Penitentiary in Pollock, Louisiana, where he is presently confined. (See Doc. 3). His petition challenges the constitutionality of his 1994 conviction in the Commonwealth of Pennsylvania for possession of marijuana with intent to distribute, which was used

to enhance the federal sentence imposed on him in 2005 by the United States District Court for the Southern District of West Virginia for possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime, offenses apparently committed after his state sentence expired. (Doc. 1 Pet. at 2, 14-15)[1]; see United States v. Love, No. 2:03-cr-187-1 (S.D. W.V. May 13, 2005). Among other claims, Petitioner alleges ineffective assistance of counsel and prosecutorial misconduct in connection with his plea of guilty to the Pennsylvania charge. (Doc. 1, Pet. at 5; Doc. 1, Mem. at 3).

On September 8, 2009, Petitioner (who by then had been transferred to the U.S. Penitentiary in Pollock) filed a motion to hold the proceedings in abeyance [Doc. 4] because "the institution is currently on lock-down status based upon security reasons . . . ." The petition is currently before the Court for initial consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] In light of the recommended disposition of Petitioner's petition, the motion

---

[1]Citations to the record are to the pages as numbered in the court's electronic filing system (CM/ECF).

[2]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Pursuant to Rule 1(b), the

to hold proceedings in abeyance [Doc. 4] is **DENIED as moot**.

## Discussion

Petitioner purports to bring this civil action challenging his sentence pursuant to 28 U.S.C. § 2241 (see Doc. 1, Mem. at 1), although a § 2241 petition is properly used to attack the execution of a sentence rather than the validity of the sentence, and a motion filed under 28 U.S.C. § 2255[3] "is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is

---

Rules Governing Section 2254 Cases in the United States District Courts may also be applied to 28 U.S.C. § 2241 cases.

> [3] 28 U.S.C. § 2255(a) provides:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> The "savings clause" of § 2255 appears in subsection (e):
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

(Emphasis added).

3

inadequate to do so." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1, 1352 (11th Cir. 2008). The circumstances under which the § 2255 remedy is inadequate so that a prisoner "may resort to the § 2241 remedy" were discussed in Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1999). There the court explained, "The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244. Eleventh Circuit cases make clear "that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241." Antonelli, 542 F.3d at 1351.

Though his petition contains the bare assertion that it concerns "the inadequacy of a § 2255 motion" (Doc. 1, Pet. at 1), Petitioner has made no showing that his claims fit within § 2255's savings clause, and the portion of the petition that directs a petitioner to "Explain why the remedy under § 2255 is inadequate or ineffective" is left blank (Doc. 1, Pet. at 3). Petitioner *does* make an argument, under the heading

4

"Inadequacy [o]f 28 U.S.C. **2254**," that § 2241 relief is "the only available avenue of relief outside of 28 U.S.C. 1651" because "relief pursuant to 28 U.S.C. **2254** is not available to him" as his state sentence expired and "he is no longer 'in custody' " for purposes of § 2254.[4] (Doc. 1, Mem. at 2 (emphasis added)). This argument does not support Petitioner's claim to be entitled to the § 2241 remedy.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a)." Maleng v. Cook, 490 U.S. 488, 490 (1989). In this civil action, Petitioner seeks to challenge the validity of his 1994 state court conviction (for which his sentence has expired[5]) that was used

---

[4] 28 U.S.C § 2254(a) provides:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States.

28 U.S.C. § 2254 does not contain a "savings clause" like that in 28 U.S.C § 2255.

[5] The April 3, 2007 order of the Court of Common Pleas of Northampton County, Pennsylvania denying Petitioner's Petition for Writ of Error Coram Nobis (Doc. 1, Pet. at 30-34) indicates that Petitioner received a sentence of 6 to 18 months on his 1994 Pennsylvania conviction and that the federal charges were filed "[a]t some point in time after [Petitioner] plead[ ] guilty to the [Pennsylvania] charge."

AO 72A
(Rev.8/82)

to enhance the federal sentence imposed on him in 2005, which he is currently serving. Petitioner is correct that he is not, by virtue of his state conviction for which the sentence has expired, "in custody" so as to vest this Court with jurisdiction over a petition brought under § 2254 to challenge that conviction. See Maleng, 490 U.S. at 490-93. He was therefore required to bring his suit under § 2255 rather than § 2254. McCarthy v. United States, 320 F.3d 1230, 1231 n.1 (11th Cir. 2003) ("Because McCarthy was attacking expired state convictions from 1988 that were used to enhance his current federal sentence, he had to bring his suit as a challenge under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254."). The reason for this requirement is that once Petitioner's state sentence expired in 1995, he could no longer be "in custody" under that conviction for federal habeas corpus purposes, even though his current federal sentence was enhanced by that conviction; rather he is "in custody" pursuant to his federal sentence. See Maleng, 490 U.S. at 492; see also Hubbard v. Haley, 317 F.3d 1245, 1257 (11th Cir.), cert. denied, 540 U.S. 951 (2003); Gonzales v. Holinka, No. 09-cv-399-slc, 2009 U.S. Dist LEXIS 85269, at *3 (W.D. Wis. Sept. 16, 2009) ("Because petitioner has completed the sentence imposed

---

(Id. at 30). In his memorandum in support of his petition, Petitioner asserts that his "sentence of 6 to 18 months expired September 17, 1995." (Doc. 1, Mem. at 2). Thus Petitioner's 1994 state conviction had expired when it was used to enhance his 2005 federal sentence.

6

by the Louisiana state court, he is no longer 'in custody' on his state conviction and he cannot bring a federal habeas petition under 28 U.S.C. § 2254 directed solely at that conviction." (citing Maleng, 490 U.S. at 492)); Quintana v. Lundgren, 368 F. Supp. 2d 1056, 1057 (C.D. Cal. 2005)("Subject matter jurisdiction over section 2254 petitions exists only when, at the time the petition is filed, the petitioner is 'in custody' under the conviction challenged in the petition. A habeas petitioner does not remain 'in custody' under a conviction once the sentence imposed for the conviction has 'fully expired.' " (citations omitted)), adopted by No. CV 04-9849-SJO(E), 2005 U.S. Dist. LEXIS 37607 (C.D. Cal. Apr. 6, 2005).

Though a § 2255 motion, rather than a § 2254 petition, appears to be the means by which Petitioner may seek relief, it would not assist Petitioner for this Court to construe his petition as a § 2255 motion challenging his current federal sentence, see McCarthy, 320 F.3d at 1231 n.1, because Supreme Court and Eleventh Circuit precedent make clear that "federal prisoners generally cannot attack prior convictions that enhanced their federal sentences in a § 2255 proceeding challenging the validity of their federal sentences." Johnson v. United States, 340 F.3d 1219, 1222 (11th Cir. 2003)(citing Daniels v. United States, 532 U.S. 374, 380-81 (2001)), aff'd, 544 U.S. 295 (2005). In Daniels, the Supreme Court held that an individual whose federal sentence was enhanced by previous state convictions "as a general rule . . . may not"

7

challenge his federal sentence through a motion under § 2255. Daniels, 532 U.S. at 376. The Court explained that while "[i]t is beyond dispute that convictions must be obtained in a manner that comports with the Federal Constitution[,] . . . it does not necessarily follow that a § 2255 motion is an appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained." Id. at 380-81. The Court pointed to the "numerous opportunities" afforded to a defendant convicted in a state court to challenge the constitutionality of his conviction, including direct appeal state post-conviction remedies as well as petitions under 28 U.S.C. § 2254, and noted that these vehicles "are not available indefinitely and without limitation," but that limitations on these remedies serve other principles, such as "the presumption of regularity that attaches to final judgments." Id. at 381(internal quotation marks and citation omitted). The Court concluded that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse [and] . . . may not collaterally attack his prior conviction through a motion under

§ 2255." Id. at 382.[6]

Petitioner does not allege that his 1994 Pennsylvania conviction was obtained in violation of his right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963) (holding that the right to counsel under the Sixth Amendment is applicable to the states by way of the Fourteenth Amendment). Moreover, the record reflects that he was represented by counsel in the Pennsylvania case (see Doc. 1, Mem. at 1-2), and the Daniels exception for Gideon claims therefore is not implicated. See Hubbard, 317 F.3d at 1256 n.20. Nor does Petitioner argue that his case falls within any possible exceptions to the general rule of Daniels. Thus a § 2255 motion is not available to Petitioner to challenge his federal sentence as enhanced by his 1994 Pennsylvania expired conviction.

Furthermore, to the extent his filings can be read to contend that the "savings clause" of § 2255 permits him to file a § 2241 petition because "the remedy by

---

[6] The Court added that "A defendant may challenge a prior conviction as the product of a *Gideon* [right to counsel] violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding." Id. at 382. Four members of the Court expressed the view that "[t]here may be rare circumstances in which § 2255 would be available" to an individual seeking to challenge his federal sentence on the ground that the prior state convictions used to enhance that sentence were unconstitutionally obtained but did not elaborate on those circumstances. Id. at 376 (plurality opinion); see also id. at 385 (Scalia, J., concurring in part) (stating that § 2255 is not broad enough to cover even in rare circumstances, a claim that an enhanced federal sentence violates due process if based on prior convictions).

9

[§ 2255] motion is inadequate or ineffective to test the legality of his detention," that contention fails. Petitioner has made no showing that "1) [his] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes [he] was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in [his] trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. Thus he has not met the three-part test of Wofford to "open the portal to a § 2241 proceeding." Id. at 1244 n.3.

In summary, Petitioner is not "in custody" for purposes of § 2254 or § 2241 subject matter jurisdiction under his 1994 Pennsylvania conviction for which his sentence has fully expired, and he therefore may not use either § 2254 or § 2241 as a vehicle to challenge the constitutionality of that conviction. In addition, under Daniels, he may not use § 2255 as a vehicle to attack that conviction on the grounds he has raised, and he has made no showing that he should be permitted to "resort to the § 2241 remedy" because a § 2255 motion is "inadequate or ineffective."[7]

---

[7] The undersigned does not address whether Petitioner could bring a § 2255 motion in the United States District Court for the Southern District of West Virginia to seek re-sentencing if his prior Pennsylvania conviction were invalidated. See Clay v. United States, No. 2:06-CV-0009-RWS, 2009 U.S. Dist LEXIS 49023, at *11-12 (N.D. Ga. June 11, 2009).

10

## Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS ORDERED** that Petitioner be **GRANTED** *in forma pauperis* status for the purpose of dismissal only. **IT IS FURTHER ORDERED** that Petitioner's motion to hold the proceedings in abeyance [Doc. 4] be **DENIED as moot**. **IT IS FURTHER ORDERED** that Petitioner's request that the court transfer this action "to the appropriate court so that relief pursuant to 2254 may be obtained" in the event the court finds "that 2241 is not appropriate" and his request that the court "consider relief under 1651(b) [presumably section (b) of the All Writs Act, 28 U.S.C. § 1651]" (Doc. 1, Mem. at 2) are **DENIED**.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED**, this 19th day of April, 2010.

*Susan S. Cole*
SUSAN S. COLE
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)