IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAWAYNE LOVE, | : | |
| Petitioner, | : | HABEAS CORPUS |
| | : | 28 U.S.C. § 2241 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| KAREN F. HOGSTEN, | : | 1:09-cv-2134-JEC |
| Respondent. | : | |

**ORDER AND OPINION**

This case is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Susan S. Cole [5], in which she has recommended the dismissal of petitioner's petition to vacate a Pennsylvania state court conviction, pursuant to 28 U.S.C. § 2241. Petitioner has filed objections [6].

**I.   PROCEDURAL POSTURE OF CASE**

As a procedural matter, petitioner's claim, as well as his choice of a forum in which to file that claim, is confusing. First, he purports to be challenging a 1994 Pennsylvania state court conviction for marijuana distribution, even though he acknowledges that he long ago completed the sentence in that case. Second, he is not challenging this Pennsylvania conviction in a Pennsylvania state court, as one might expect,

but instead is challenging the state conviction in a federal court.

The reason he is in federal court is because he is not serving a state sentence, but instead is serving a federal sentence. In reality, through this petition, he is indirectly trying to challenge that federal sentence, which was imposed in 2005 by the United States District Court for the Southern District of West Virginia as a result of petitioner's federal conviction there on cocaine and firearms charges. Because the West Virginia federal court enhanced petitioner's sentence based on the prior Pennsylvania conviction, petitioner would like to have the latter conviction vacated, and then be resentenced by the West Virginia federal court without consideration of the prior state court conviction.

Third, the petitioner is not making this challenge before the West Virginia federal court where, again, one might expect he would file a petition challenging a sentence imposed by that court. Instead, he filed his claim before this Court in the Northern District of Georgia, where he happened to be incarcerated at the time of the filing. Moreover, he has not filed this challenge as a § 2255 petition, which is the usual

2

way a federal criminal defendant challenges a federal sentence. Likewise, he has not filed this challenge as a § 2254 petition, which is the federal vehicle typically used to challenge a state conviction. Rather, he has filed a generic habeas corpus petition, pursuant to 28 U.S.C. § 2241.[1]

## II. PETITIONER CANNOT OBTAIN RELIEF PURSUANT TO A § 2254 OR § 2255 PETITION

Even though a petition pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255 would seem to be a more direct route to the goal that the petitioner is trying to reach than would an attack under the generic § 2241 habeas corpus statute, petitioner apparently understands that he has no chance of prevailing under either of those statutes.

Section 2254 is typically the vehicle used by a prisoner to challenge a state conviction. To succeed on a § 2254

---

[1] In reality, the petition that he has filed does not show the number "2241" on its face. It is apparent, however, that it is such a petition as the blocks to be checked include the types of issues for federal prisoners that courts have placed under the rubric of § 2241: computation of sentence, prison discipline decision, parole problem, jail/prison conditions, immigration/removal from the United States, and inadequacy of a § 2255 motion. Petitioner checked the block for "inadequacy of a § 2255 motion." (Petition for Writ of Habeas Corpus [1] at 1.) Further, petitioner confirms in his Objections [6] that he is traveling under § 2241.

petition, however, the petitioner must be "in custody" on the state conviction he is challenging.   The magistrate judge concluded that petitioner is no longer "in custody" under this 1994 Pennsylvania state conviction, and thus that statute cannot provide him relief.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Diaz v. State of Florida,* 683 F.3d 1262, 1264-65 (11th Cir. 2012); *Hubbard v. Haley*, 317 F.3d 1245, 1257 (11th Cir. 2003).   Petitioner agrees with the magistrate judge's conclusion that relief under § 2254 is not available to him. (Pet'r's Obj. [6] at ¶ 2.)

Petitioner likewise could not prevail had he filed this petition under § 2255.  Besides the fact that petitioner failed to file his petition in the district where he was sentenced, the Southern District of West Virginia, as required by §2255(e), § 2255 cannot be used to challenge a state conviction that was used to enhance the federal sentence being attacked by a federal prisoner.[2]  *Daniels v. United States*, 532 U.S. 374

---

[2]  If petitioner had first succeeded in having his state conviction vacated by a Pennsylvania state court, he could have then succeeded on a § 2255 claim to vacate the West Virginia federal sentence that had been enhanced as a result of this state conviction.  *See Johnson v. United States*, 544 U.S. 295 (2005); *Stewart v. United States*, 646 F.3d 856, 858-59, 864 (11th Cir. 2011).  Despite much effort, however, petitioner's

4

(2001).  According to *Daniels*, the only time § 2255 can provide a means to challenge a prior state conviction used to enhance a federal sentence is when a *Gideon* violation is alleged and was raised at the federal sentencing proceeding.  *Id.* at 382. There was no *Gideon* violation alleged here and therefore petitioner could not have successfully utilized § 2255 to challenge his prior Pennsylvania state conviction.

III.  **§ 2241 LIKEWISE PROVIDES NO RELIEF**

As the more apt § 2255 remedy will not work, petitioner has chosen the last remaining option in the habeas statutory menu: § 2241.  Section 2241 is the generic habeas corpus statute, and is potentially available to a broad class of individuals, including federal inmates.  *See* 28 U.S.C. §2241(c)(1).  A § 2241 petition may be brought only in the district where the prisoner is incarcerated.  *Garcia v. Warden*, 470 Fed. App'x 735, 735 (11th Cir. 2012); *United States v. Kinsey*, 393 Fed. App'x 663, 664 (11th Cir. 2010).  Because, petitioner was incarcerated in this district when he filed this petition, he filed here.

---

attempts to vacate his Pennsylvania conviction have been rejected by the Pennsylvania state courts.

5

A § 2241 petition, however, can typically be used only to challenge the execution of a sentence, not its validity. *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008).  An example of a challenge to the execution of a sentence would be an attack on the decision of the federal parole board to deny parole. *Id.*  Here, though, the petitioner is not arguing that his sentence length has been miscalculated by the Bureau of Prisons or that the latter is undercounting good time credit petitioner has earned, which are the types of challenges that address the execution of the sentence.  Instead, his challenge is directed solely against the legality of his federal sentence, which is not a proper challenge under § 2241.

That being so, petitioner has only one last possible argument left in his effort to utilize § 2241.  Specifically, where a petitioner is otherwise procedurally precluded from filing a § 2255, the petitioner may seek to invoke the "savings clause" found in § 2255(e), which effectively allows a petitioner to challenge the validity of his sentence through something other than a § 2255 motion if the petitioner can demonstrate the inadequacy or ineffectiveness of a § 2255 remedy in his particular situation.  *Antonelli*, 542 F.3d at

6

1351-52 n.1; *Deglace v. Warden,* No. 11-13054, 2012 WL 2093108, at *1 (11th Cir. June 11, 2012). Strangely enough, to argue that the savings clause found in § 2255 applies, however, the petitioner must call his petition something else other than a § 2255 petition, and the something else that courts have settled on is a § 2241 petition.[3]  *Id.*

Yet, the savings clause of § 2255(e) cannot be used merely because a petitioner is procedurally barred under § 2255 from filing the claim. *Deglace*, 2012 WL 2093108, at *1. Otherwise, the savings clause would eviscerate the particular procedural provision that the petitioner has run afoul of. *Gilbert v. United States*, 640 F.3d 1293, 1307 (11th Cir. 2011)(en banc). Instead, use of the savings clause has been typically restricted to situations in which a retroactively-applied Supreme Court decision has established that the defendant was convicted of a nonexistent crime. The Eleventh Circuit, *en banc*, in *Gilbert,* has recently refined that test to hold, simply, that the savings clause does not cover sentence claims

---

[3]  As discussed in the next section, this convoluted process actually creates a legal fiction. Worse, it undoes the specific language in § 2255(e) requiring that all § 2255 petitions be filed in the district where the defendant was sentenced.

that could have been raised in earlier proceedings.  *Deglace*, 2012 WL 2093108, at *2.  Further, "a petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."  *Id.*, citing *Wofford v. Scott,* 177 F.3d 1236, 1244 n.3 (11th Cir. 1999).

Here, the petitioner is barred from using § 2255 because the Supreme Court in *Daniels* has held that a prisoner may not utilize this statute to challenge the validity of a predicate crime used to enhance his federal sentence.  If a claimant were allowed to ignore that clear rule simply by using a different statute to advance the same challenge, the Supreme Court prohibition would be eviscerated.  In short, petitioner has not demonstrated that the savings clause is available here, and he has therefore not "opened the portal" to § 2241 relief on that ground.  Further, he has not attacked the execution of his sentence, which is the only other type of claim that § 2241 could address or a federal prisoner.  Accordingly, his § 2241 petition must be dismissed.

IV. **BUT FOR CONTRARY PRECEDENT, THIS COURT WOULD DISMISS THE PETITION BECAUSE IT CHALLENGES THE LEGALITY OF A FEDERAL SENTENCE AND THEREFORE IS ACTUALLY A DISGUISED § 2255 PETITION THAT SHOULD HAVE BEEN FILED IN THE DISTRICT OF SENTENCING**

As discussed above, whenever a petitioner seeks to use the savings clause of § 2255(e) to reach the merits of a claim that would otherwise be defaulted, precedent requires that the claim no longer be deemed a § 2255 claim, but that it instead be considered a claim brought under the generic habeas statute: § 2241. A collateral challenge to the legality of one's federal sentence is always a quintessentially § 2255 challenge,[4] however. In short, precedent creates a legal fiction in which what is really § 2255 litigation is called something else.

By insisting that the petitioner call his effort to utilize the savings clause of § 2255(e) a § 2241 claim, instead of a § 2255 claim, the originators of this practice thrust the petitioner out of the very statute that gives rise to the escape clause on which he relies and on which the litigation

---

[4]    Section 2255(a) provides that a "prisoner in custody under sentence of a [federal court] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

9

will be focused and into a statute that nowhere ever mentions such a device.

Beyond just changing the statute number affixed to the petition, there is a significant and negative practical ramification to this practice.  A § 2255 litigant is required to file his claim before the court that sentenced him. *See* 28 U.S.C. § 2255 (a)and(e).  That makes good administrative sense. Such a court will have had experience with the case, will be better able to adjudicate disputes concerning the case, and will be able to much more efficiently handle a claim than would a court that has no connection with the underlying conviction and sentence that is being challenged.  And, for these same reasons, such a court will be better equipped to address any claims that the savings clause applies.

Indeed, these very considerations were the reasons that Congress, at the behest of the Judicial Conference, enacted §2255.  Section 2255 was intended to alleviate the pressure placed on district courts with large federal prisons that, as the districts in which many federal prisoners were detained, were constantly called on to adjudicate habeas corpus petitions filed under § 2241.  *See United States v. Hayman*, 342 U.S. 205,

10

213-14 (1952)(prior to enactment of § 2255 a few districts "were required to handle an inordinate number of habeas corpus actions far from the scene of the facts, the homes of the witnesses and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district." At the time, the Northern District of Georgia was listed as one of the top five such districts deluged with § 2241 petitions. *Id*.

Insisting that what is essentially a § 2255 claim—the challenge to the validity of a federal sentence and reliance on the savings clause found in that statute to reach the merits of the claim—be instead deemed a § 2241 claim means that the venue for the claim shifts from the district of sentencing to the district in which the petitioner is confined. This is so because caselaw has held that a § 2241 claim must be made in the federal district in which a claimant is confined. *See, e.g., Westine v. Scott*, 356 Fed. App'x 254, 255 (11th Cir. 2009). And, whereas there will only be one district in which a federal prisoner was convicted and sentenced, there will often be multiple districts in which a federal prisoner is confined during his sentence, meaning that there is the potential for

11

multiple § 2241 savings clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results.

This odd phenomenon has likely arisen because courts have implicitly construed a "savings clause" found in § 2255(e) as creating an exception to the requirement, in this same subsection, that a § 2255 claim must be made in the district where a petitioner was sentenced. The undersigned, however, does not read the savings clause as creating such an exception. Rather, the requirement that a § 2255 claim must be filed and adjudicated in the district that issued the criminal judgment and sentence against the petitioner is unaffected by the savings clause.

Section 2255(e) provides that:

An application for a writ of habeas corpus [o]n behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained if** it appears that the **applicant has failed to apply** for relief, by motion, **to the court which sentenced him**, *or that such court has denied him relief*, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e)(emphasis added).

12

Section 2255(e) therefore creates a jurisdictional requirement that a person who is authorized to seek relief pursuant to this statute--that is, a federal prisoner who is challenging the legality of his federal conviction or sentence--file his motion before the court that sentenced him.[5] See **bolded language.** The next clause goes on to indicate that the petition shall not be entertained if the sentencing court has already denied § 2255 relief. See *italized language*. The last clause articulates an exception where a § 2255 remedy is inadequate or ineffective to test the legality of detention.

---

[5]   As noted *supra* at 9 n.4, § 2255(a) provides that a federal prisoner challenging the legality of his federal sentence may move the court "which imposed the sentence" to vacate that sentence. Section 2255(e) provides that for any federal prisoner "<u>who is authorized to apply for relief by motion pursuant to this section</u>, [the motion] shall not be entertained" if the movant "failed to apply...to the court which sentenced him." (emphasis added).

Reading the two subsections together, a federal prisoner who could file a § 2255 petition to make his claim must do so in the sentencing district. Petitioner here, like any federal prisoner, could certainly file a claim challenging the legality of federal sentence, and he has done so. That the petitioner would lose on his claim, given the *Daniels* decision, does not change the fact that his claim is cognizable under § 2255, and therefore it should have been filed in the district that imposed the sentence.

This final clause is now referred to as the "savings clause" in caselaw.  See <u>underlined language</u>.

Apparently, at some point, this final clause articulating an exception (the savings clause) was deemed to refer to the first clause of the subsection requiring a petitioner to file his claim before the sentencing court.  Under this interpretation, if a petitioner wished to argue that the savings clause applied, he no longer had to make that argument before the sentencing court.  Indeed, under caselaw, he was no longer allowed to litigate the § 2255(e) savings clause before the sentencing court, but had to pursue that claim in a district where he was confined.

Respectfully, the undersigned reads this subsection differently.  That is, the savings clause, which is the third clause (underlined language) does <u>not</u> modify the first clause (bolded language), which requires a challenge to the legality of one's federal sentence to be made before the sentencing court.  This third clause modifies the preceding, second clause (italized language), which prohibits the consideration of a petition when the sentencing court has previously denied § 2255 relief.

14

Under this construction, a federal prisoner challenging the validity of his conviction or sentence would _always_ be required to file that challenge as a § 2255 petition before the court that sentenced him, whether or not he might also be pursuing the savings clause. Failure to file in the sentencing district would result in summary dismissal of the petition. In other words, the potential applicability of the savings clause would not apply to relieve the petitioner of the duty to file where he was convicted and sentenced. The savings clause, however, would prevent automatic dismissal of the claim--and might prevent ultimate dismissal--based on an argument that the sentencing court had already denied relief on a previous petition. When faced with the prospect of a previous dismissal, the petitioner would have to succeed on an argument that the savings clause applied, but he would still have to make that argument before the sentencing court, not some stray court in whose district he might be confined at the time of filing the petition.

In short, it would be the sentencing court that would always consider these claims challenging the legality of conviction or sentence, and any such claim would necessarily be

15

deemed a § 2255 petition.  Otherwise, much of the reason behind enacting § 2255--to insure that sentencing districts, not the districts of confinement, handle these types of claims--would be undermined.

As to duplicative efforts by overburdened federal courts, the undersigned notes that the petitioner in this case is now litigating a § 2255 petition in his sentencing district at the same time that he is calling on this Court to adjudicate a §2241 petition in which he also contests the legality of his sentence.  *See United States* v. *Love*, 2:08-cv-192 and 2:03-cr-187, S.D.W.V.  The Court's own inquiry with the BOP--to confirm that the petitioner was actually in the Northern District of Georgia when he filed the present petition, as the caption on the petition shows the Eastern District of Kentucky--indicates that petitioner has been housed in several districts while serving his federal sentence.  The Court does not know whether he has scattered other § 2241 petitions among those districts.

Thus, were it not constrained by binding precedent, this Court would have construed the present petition as a § 2255

16

petition,[6] because it challenges the legality of the petitioner's sentence, and dismissed it at the outset because it was not filed in the Southern District of West Virginia. The undersigned is so constrained, however, and therefore treats the petition as a § 2241 petition and dismisses the petition for the reasons stated in text: that petitioner has failed the show that the savings clause in § 2255(e) applies and that petitioner does not challenge the execution of his sentence, which is the claim at which a § 2241 petition may otherwise be properly aimed.

## V.    **PETITIONER'S REMAINING MISCELLANEOUS ARGUMENTS**

Finally, with little explanation and in a conclusory fashion, petitioner suggests that other forms of relief might be available to him, including the writ of *error coram nobis*. Petitioner has not shown, nor even attempted to demonstrate, that he is entitled to a writ of *error coram nobis*.

> The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice.  A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most

---

[6]  The Court would have first notified petitioner that, unless he dismissed the petition, it would be construed as a § 2255 petition.

> fundamental character." Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." In addition, courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.

*United States v. Mills*, 221 F.3d 1201, 1203-04 (11th Cir. 2000)(citations omitted). "Errors of the most fundamental character" are those that "rendered the proceeding itself irregular and invalid." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

Applying the above test, petitioner has not alleged errors of the most fundamental character. Neither has he shown that there were no other avenues of relief available. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). He could have earlier raised his claims challenging his guilty plea in the Pennsylvania case on either direct appeal or collateral attack. *See Jackson v. United States*, 375 Fed. App'x 958, 960 (11th Cir. 2010)(denial of writ of coram error nobis proper where petitioner could have challenged voluntariness of guilty plea on direct appeal). Instead, he waited, at the least, over

AO 72A
(Rev.8/82)

13 years[7] after being released from state custody to move the district court for relief from the state conviction and offers no reasons, much less sound reasons, for failing to seek relief earlier. *See Id.* (denial of writ of coram error nobis proper where petition waited nine years after being released from prison to file writ and offered no sound reasons for failing to seek relief earlier).

On a final note, petitioner mentions in passing that he is actually innocent of the underlying Pennsylvania state offense that was used to enhance his sentence in the Southern District of West Virginia. A claim of actual innocence, however, is not a freestanding basis of relief. When a petitioner is barred under *Daniels* from challenging the use of a prior state conviction to enhance a federal sentence, he cannot escape that bar by a casual and unsupported allegation of actual innocence. *McCarthy v. United States,* 320 F.3d 1230, 1234 (11th Cir. 2003). *Accord Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S.

---

[7] Although Petitioner is not clear about the full length of his confinement, the record shows that his sentence was a maximum of 18 months, and was entered on October 11, 1994. (*See* Court of Common Pleas Docket Report at p. 85 of petition [1].) Assuming he served a full 18 months, his confinement ended on April 11, 1996. His petition was not filed until August 5, 2009 [1].

19

394, 403-04 (2001)(applying *Daniels* rule to § 2254 challenges and noting that the only possible exceptions to a bar against challenging an underlying state conviction used to enhance a federal sentence would be (1) when the state court had, without justification, refused to rule on a constitutional attack on the underlying conviction or (2) when the defendant has obtained "compelling evidence" that he was actually innocent of the crime and the defendant could not uncovered that evidence in a timely manner). *Cf. Howard v. United States,* 374 F.3d 1068, 1072 (11th Cir. 2004)(to show a "miscarriage of justice" sufficient to excuse a procedural bar to a collateral challenge, a petitioner must make a "colorable showing of actual innocence")(citation omitted).

Here, petitioner has not alleged compelling, or even colorable evidence, of his actual innocence of the underlying Pennsylvania offense.

### CONCLUSION

For all of the above reasons, petitioner's objections [6] are without merit and the Court **ADOPTS and SUPPLEMENTS** the magistrate judge's Report and Recommendation [5] dismissing

AO 72A
(Rev.8/82)

petitioner's habeas corpus petition [1].  The present action is **DISMISSED**.  The Clerk is **DIRECTED** to close this case.


SO ORDERED, this 4th day of September, 2012.



/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)